United States District Court
District of Massachusetts

```
_____
                              )
ANGEL SANCHEZ,                )
        Plaintiff,            )
                              )
        v.                    )   Civil Case No.
                              )   12-12039-NMG
UNITED STATES OF AMERICA,     )
        Defendant.            )
_____)
```

MEMORANDUM & ORDER

GORTON, J.

The medical malpractice claims in this case arise out of the death of Rafaela Sanchez ("decedent") following a postpartum hemorrhage. Decedent was admitted to North Shore Medical Center-Salem Hospital for the cesarean delivery of her third child on April 22, 2009 and died on April 24, 2009.

I.  **Factual Background**

Plaintiff Angel Sanchez ("plaintiff"), decedent's spouse and the administrator of her estate, alleges negligence and recklessness resulting in wrongful death.

The case was originally filed against Dr. Kristen Cotter, who performed the cesarean birth, and Dr. Kalinda Dennis, who performed the subsequent postpartum hysterectomy. The actions against the physicians were subsequently dismissed and the United States was substituted as the named defendant because the

-1-

physicians were, at all relevant times, employed by the Lynn Community Health Center which is a federally supported health center. As a result, physicians in that hospital are considered federal employees for the purposes of the Federal Tort Claims Act.

## II. Procedural History

Plaintiff filed suit in Massachusetts Superior Court for Essex County on April 12, 2012, just short of three years after decedents' death. Defendant removed the case from state court on November 1, 2012 and it was assigned to Chief Judge Wolf. When Judge Wolf assumed senior status the case was assigned to this Session. On January 4, 2013 this Court granted the motion to substitute party and dismissed the action against the individual physicians. Defendant filed the instant motion to dismiss on November 12, 2012, to which plaintiff has filed an opposition and defendant a reply.

## III. Motion to Dismiss

Defendant has moved to dismiss plaintiff's claims for want of subject matter jurisdiction pursuant to Fed R. Civ. P. 12(b)(1).

### A. Standard

In considering a motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1), the Court also assumes that all material allegations set forth in the

complaint are true. See Mulloy v. United States, 884 F. Supp. 622, 626 (D.Mass. 1995); Williams v. City of Boston, 784 F.2d 430, 433 (1st Cir. 1986). The averments of the complaint, as well as their proper inferences, are construed in favor of the plaintiff and the claim will not be dismissed unless "it appears beyond doubt that the plaintiff can provide no set of facts in support of his claim which would entitle him to relief." Williams, 784 F.2d at 433; Mulloy, 884 F. Supp. at 626.

Although a court may not consider materials outside the pleadings on a motion to dismiss under Rule 12(b)(6), it may do so under Rule 12(b)(1) because the motion gets at the court's subject matter jurisdiction. See Gonzalez v. United States, 284 F.3d 281, 287 (1st Cir. 2002) (discussing Rule 12(b)(1) standard).

    **B.**   **Application**

Defendant avers that the case should be dismissed because plaintiff failed to satisfy the statute of limitations under the Federal Tort Claims Act ("the FTCA"), by not filing an administrative claim with the appropriate agency within the mandated two-year period after the claim accrued.

Plaintiff responds that he has satisfied the two-year federal statute because the claim did not accrue until either an autopsy revealed the decedent's cause of death on May 27, 2010, or until plaintiff received a complete set of medical records

(with all pages fully legible), which did not occur until April 6, 2012. Alternatively, plaintiff contends that the statute of limitations should be equitably tolled because the physicians' federal employment status was unknown to plaintiff and could not have been reasonably ascertained in a timely fashion.

### 1. Date of Accrual of Cause of Action

Tort claims generally accrue at the time of the injury. Under the "discovery rule" however, a claim accrues when a "plaintiff discovers, or in the exercise of reasonable diligence should have discovered, the factual basis for the cause of action." Gonzalez, 284 F.3d at 288 (quoting United States v. Kubrick, 444 U.S. 111, 121-24 (1979)). Once a plaintiff knows of the injury and its probable cause, he "bears the responsibility of inquiring among medical and legal communities about whether [he] was wronged and should take legal action." Id. at 289. Moreover, once the factual basis of the cause of action is known, the statute of limitations begins to run regardless of whether the plaintiff knew that the injury was negligently inflicted. Id.

Here, plaintiff argues that decedent's cause of death was not known until the autopsy report was released in May, 2010. Decedent's death certificate did not identify a cause of death whereas the autopsy report (issued more than one year after the death) identified the postpartum hemorrhage as the cause of death. Defendant has, however, offered five medical records,

dated between April 22 and June 9, 2009, that were available to the plaintiff and which depict the nature of the birth, the post-partum hemorrhage complication and the emergency hysterectomy. Based on those documents the Court finds that plaintiff, knew, or should have known the factual basis for the alleged medical malpractice. See Gonzalez 284 F.3d at 290 (finding that the factual basis for the medical malpractice claim should have been known where plaintiff had access to medical records, but where plaintiff did not yet have an expert report linking the injury to the medical treatment).

### 2. Equitable Tolling

In the affirmative, plaintiff argues that the two-year statute of limitations should be equitably tolled. It is plaintiff's burden to establish that he is entitled to equitable tolling by showing that, despite exercising reasonable diligence, he could not have discovered information essential to the suit. Bernier v. Upjohn Co., 144 F.3d 178, 180 (1st Cir. 1998). In an FTCA case, equitable tolling is appropriate only when plaintiff has shown reasonable diligence in pursuing information regarding the employment status of the physician or when such essential information is deliberately concealed from him. Gonzalez, 284 F.3d at 291.

The Court is humbly sympathetic to plaintiff's effort to move forward with this claim, and cognizant of the "statute of

limitations trap" that the Department of Health and Human Services has created

> by not formulating a regulation that would require notice to a patient that the doctor rendering service to him is an employee of the United States.

<u>Valdez</u> v. <u>United States</u>, 518 F.3d 173, 183 (2nd Cir. 2008). Unfortunately, the Court is bound by the First Circuit Court of Appeal's ruling in <u>Gonzalez</u>.  Plaintiff makes only an unsupported assertion in his opposition to plaintiff's motion to dismiss that he

> diligently requested and reviewed medical records, consulted with experts, identified responsible physicians to be named defendants, none of which would have revealed the status as federal employees.

Plaintiff's contention falls below the standard of due diligence required by <u>Gonzalez</u>. <u>Id.</u> at 291.  Indeed, as in <u>Gonzalez</u>, plaintiff has failed to present evidence that he made any inquiry at all into the potential status of the defendant doctors as federal employees or that such information was concealed from him or his counsel. <u>Id</u>.

**ORDER**

In accordance with the foregoing, defendant's motion to dismiss for want of subject matter jurisdiction is **ALLOWED** and the case is **DISMISSED**.

**So ordered.**

_/s/ Nathaniel M. Gorton_
Nathaniel M. Gorton
United States District Judge

Dated February 21, 2013